SEALED

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 OCT 18 PM 1:40

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:18-cr-494-T-23-TGW

21 U.S.C. § 841(a)(1)

LARRY DEAN WILSON, JR.

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about September 21, 2017, in the Middle District of Florida, and elsewhere, the defendant,

LARRY DEAN WILSON, JR.,

did knowingly and intentionally distribute a controlled substance, which violation involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### COUNT TWO

On or about September 21, 2017, in the Middle District of Florida, and elsewhere, the defendant,

SEALED

LARRY DEAN WILSON, JR.,

did knowingly and intentionally distribute a controlled substance, which violation involved marijuana, a Schedule I controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(D).

In violation of 21 U.S.C. § 841(a)(1).

### COUNT THREE

On or about October 12, 2017, in the Middle District of Florida, and elsewhere, the defendant,

LARRY DEAN WILSON, JR.,

did knowingly and intentionally distribute a controlled substance, which violation involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### FORFEITURE

1.  The allegations contained in Counts One, Two, and Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.  Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1)

and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of $9,375.

4. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Natalie Hirt Adams
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

*T:\_Cases\Criminal Cases\W\Wilson, Larry_2018R01363_NHA\f_Indictment.docx*

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## LARRY DEAN WILSON, JR.

## INDICTMENT

Violations:   Title 21, United States Code, Section 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 18th day of October, 2018.

_____
Clerk

Bail $_____

GPO 863 525

*T:\\_Cases\Criminal Cases\W\Wilson, Larry_2018R01363_NHA\f_Indictment Back.docx*